## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**Case No.**

EBONIE V. REID,

      Plaintiff,

v.

TPUSA-FHCS, INC.,
a foreign profit corporation,

_____/

## COMPLAINT

COMES NOW the Plaintiff, EBONIE V. REID, [hereinafter referred to as "REID" or "Plaintiff"] by and through her undersigned attorney, hereby files this lawsuit against Defendant, TPUSA-FHCS, INC., a foreign profit corporation, and as grounds therefore alleges as follows:

## JURISDICTION, PARTIES, AND VENUE

1. This matter in controversy concerns unpaid overtime payments, liquidated damages, and attorney's fees.

2. This is an action for damages and is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §207 ("FLSA"), for unpaid overtime.

3. This Court has original jurisdiction over this matter insofar as the matter involves a federal question, namely violation of 29 U.S.C. §216(b).

4. Plaintiff Reid is a resident of Saint Lucie County, Florida.

5. Defendant TPUSA-GHCS, INC [hereinafter referred to as "TPUSA" or "Defendant"], has a principal address at 5295 South Commerce Drive, Suite 600, Murray, Utah 84107.

6. Plaintiff worked for Defendant at its office located at 580 NW University Boulevard, Port Saint Lucie, Florida 34986.

7. This cause of action arose in Saint Lucie County, Florida.

8.  Saint Lucie County, Florida is proper venue for this action because Plaintiff resides in Saint Lucie County and at all times material hereto, Plaintiff was employed by and had dealings with Defendant in Saint Lucie County, Florida.

9.  Defendant failed to pay Plaintiff the mandatory overtime wages as required under state and federal law.

10. Defendant has annual gross sales volume that exceeds the statutory requirements of $500,000.00 per annum.

11. Defendant, at all times material hereto, was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in Section 3(r) and 3(s) of the Act.

12. Plaintiff's job duties were such that she herself was individually engaged in commerce.

## COMMON ALLEGATIONS

13. Plaintiff was employed with Defendant from on or about August 2015 up to and including her termination on December 10, 2019.

14. Plaintiff's position was to work as a sale center manager.

15. Plaintiff was told that she would be paid a salary of $48,000.00.

16. Plaintiff regularly worked over forty (40) hours in a given work week.

17. Defendant failed to pay Plaintiff overtime as required by federal law.

18. Plaintiff is seeking overtime damages for the Defendant's unlawful deductions.

19. Plaintiff's good faith estimate is that she worked an average of 65 hours a week. Based on this estimate, Plaintiff calculates that she is owed overtime at her half time rate. Her regular rate of $14.20 is based on Defendant's payment to her of $923.08 per week divided by 65 hours of work per week. She alleges for each week she is owed $177.50 in unpaid overtime $14.20

(regular rate) /2 = $7.10 (half time) x 25 hours per week = $177.50 x 52 weeks = $9,230. Plaintiff seeks an equal amount as liquidated damages for a total of $18,460.00

20. Defendant cannot take advantage of the executive exemption from paying overtime because Defendant did not pay Plaintiff on a salaried basis as that term is defined in 29 C.F.R. § 541.600. Defendant made improper deductions for full and partial days absences in violation of 29 C.F.R. § 541.600, et seq.

21. In particular, Defendant deducted time that were missed form work for a few hours for a doctor's appointment or when a family emergency occurred. As a result of these practices, there is no salaried basis.

22. As a result of the unlawful deductions, Plaintiff is non-exempt. Plaintiff contends that her wage and hour records, which are in the possession of the Defendant should demonstrate these deductions.

23. Upon information and belief, following the Plaintiff's separation from the Defendant, the Defendant changed the pay classification to hourly for the position(s) held by the plaintiff.

**COUNT I**
**UNPAID OVERTIME**
**IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. 74**

24. Plaintiff re-alleges Paragraphs 1 through 23 as set forth herein.

25. Plaintiff is a covered, non-exempt employee and is entitled to overtime compensation for all hours worked in excess of forty (40) hours per week.

26. Plaintiff worked in excess of forty (40) hours per week for several of the work weeks she was employed with Defendant.

27. Plaintiff worked in excess of forty (40) hours per week without being compensated for any overtime benefits by Defendant.

28. Defendant's failure to properly compensate Plaintiff is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §207.

29. Defendant's failure to pay Plaintiff overtime was the result of intentional, willful misconduct, such that Plaintiff is entitled to overtime payments for the entire preceding period.

30. As a direct and proximate result of the Defendant's actions, Plaintiff has obtained counsel to represent her in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter. As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216.

31. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered damages.

32. As a result of Defendant's conduct, Plaintiff is entitled to unpaid wages for overtime, liquidated damages, and other penalties.

WHEREFORE, Plaintiff prays that judgment be entered in her favor and against the Defendant as follows: The Plaintiff be awarded general and compensatory damages, liquidated damages, prejudgment interest; that Plaintiff be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C.A. §216; and that Plaintiff be awarded other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury on all issues so triable.

Dated this 25th day of February 2020.

SCOTT WAGNER & ASSOCIATES, P.A.
Jupiter Gardens
250 South Central Boulevard
Suite 104-A
Jupiter, FL 33458
Telephone: (561) 653-0008
Facsimile: (561) 653-0020

s/Cathleen Scott
Cathleen Scott, Esq.
Florida Bar Number 135331
Primary e-mail: CScott@scottwagnerlaw.com
Secondary e-mail: mail@scottwagnerlaw.com
Secondary Address: 101 Northpoint Parkway
West Palm Beach, FL 33407
www.ScottWagnerLaw.com